IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CRYSTAL RYAN WILLIAMS                                          PLAINTIFF

v.                              No. 4:25-cv-148-DPM

UNITED PARCEL SERVICE, INC.; KENT
HARDY; and DOES, 1-20, Inclusive                              DEFENDANTS

ORDER

Williams alleges discrimination, harassment, and retaliation while she worked at United Parcel Service. She has sued UPS and her supervisor, one Hardy. They removed the case here. In her complaint, Williams pleaded that she was making no federal claims. UPS is a corporate citizen of Ohio. Williams and Hardy are both Arkansawyers, which would destroy diversity jurisdiction if any claim against Hardy is colorable—reasonably based in Arkansas law and the facts. *Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 810 (8th Cir. 2003). UPS and Hardy argue that jurisdiction exists under the diversity statute and the federal question statute. Complete diversity exists, they say, because Hardy was fraudulently joined, *Filla, supra*. And there's supposedly a federal question because UPS had a collective bargaining agreement with the Teamsters, at least some of Williams's allegations overlap with

grievances she asserted pursuant to that agreement, and these intertwined issues require interpretation of that agreement. All these circumstances, they contend, create complete federal preemption under the Labor Management Relations Act. *Boldt v. Northern States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018). Williams moves to remand. Does this Court have subject matter jurisdiction over Williams's lawsuit?

Yes. Diversity jurisdiction exists. The Court need not enter the LMRA thicket at this point.

*First*, though there is some murkiness, Williams's case satisfies the statute's amount-in-controversy requirement. She pleaded that she seeks more than "this court['s]" jurisdictional minimum. *Doc. 2 at ¶ 64*. Even discounting that allegation a bit because she filed her case in state court, Williams has not responded to the motion to remand with a stipulation that she does not (and will not) seek to recover more than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This record does not allow the Court to hold that there's no possibility of her recovering more than the statutory minimum. *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588, 595-96 (2013).

*Second*, no colorable claim exists against Hardy, Williams's supervisor and fellow Arkansas citizen. As he and UPS argue, the Arkansas Civil Rights Act does not allow discrimination, harassment, or retaliation claims against supervisors. Ark. Code Ann.

§ 16-123-107 & 108. That law addresses all Williams's claims except outrage. She pleads that Hardy did these things:

- Denied Williams's time off requests and accused her of having an attendance problem;

- Congratulated and allowed her male coworkers to take time off for their children, but shamed Williams for having children and told her that "UPS don't have kids;"

- Changed Williams's route and "had her running stops" that were never on her route;

- Denied her a promotion to on-road supervisor; and

- Asked her age, and then fired Williams for not being "one hundred percent" after she had surgery.

Williams pleads specifically that much of this conduct occurred in 2020, which is beyond the three-year limitations window. Ark. Code Ann. § 16-56-105; *Doc. 2 at 6*. But the deeper point is on substance, not timing. Much of this conduct is unremarkable. A particularly demanding boss is a challenge but not outrageous. The "UPS don't have kids" remark is troubling, but insufficient. It does not equal or exceed conduct that has been held insufficient to state an outrage claim under Arkansas Law. *E.g., Smith v. American Greetings Corp.*, 304 Ark. 596, 602, 804 S.W.2d 683, 686 (1991) (shift leader hit employee after a dispute and employee was later fired); *Sterling v. Upjohn Healthcare Services, Inc.*, 299 Ark. 278, 279-80, 772 S.W.2d 329, 330 (1989) (employer

accused employee of being drunk and lying on his job application, plus instructed other workers to bird dog the employee).

*Third*, the removal statute dictates that, in purported diversity cases, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also* 13F CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3642, at 583 and n.32 (3d ed. 2009) (collecting cases). The parties do not address the Doe defendants. Williams alleges that they are agents, employees, and co-conspirators of UPS and Hardy. *Doc. 2 at ¶¶ 13–17*. Even if one or more of the Doe defendants is an Arkansas citizen, they are alleged to have done what Hardy did or like things. Williams's claims likewise fail as against them; and the Doe defendants, too, are fraudulently joined.

Complete diversity of citizenship exists between Williams and UPS. Williams's motion to remand, *Doc. 8*, is denied. As part of that motion, the parties have briefed, and the Court has decided, whether Williams has stated any solid claim against Hardy or the Doe defendants. Therefore, unless Williams objects and gives good reasons before 15 July 2025, the Court will dismiss Williams's claims against them without prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

*2 July 2025*