IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CRYSTAL RYAN WILLIAMS                                           PLAINTIFF

v.                              No. 4:25-cv-148-DPM

UNITED PARCEL SERVICE, INC.                                     DEFENDANT

ORDER

The parties have fallen out on whether to have a jury trial or a bench trial.

Williams waived her right to a jury by not making a timely demand. Fed. R. Civ. P. 38(d). This omission was, the Court concludes, due to counsel's oversight. But Williams's lawyers have not acknowledged or accepted their stumble. This disappoints the Court. When one makes a mistake and fails to admit it, one has made another mistake.

The Court is likewise disappointed in how UPS's lawyers have responded. A raised voice is rarely effective advocacy. This is especially so when the words are aimed at opposing counsel. UPS's lawyers have needlessly relitigated Williams's lawyers' jurisdictional tactics and labeled their position on the jury-demand issues as a misrepresentation. The Court reminds counsel that carelessness and poor judgment explain more in our imperfect world than bad intentions.

We have a long way to go in this case. And the Court expects all counsel to do better.

All material things considered, Williams's belated request for a jury trial on all issues so triable is granted. The case is just starting. A jury trial will not change the trial date. While there will be some additional work for everyone, it's worth it. Having a decision made by twelve ordinary people, rather than one ordinary person, will promote public respect for the administration of justice under law. Citizens exercise, and strengthen, their civic muscles during jury service. UPS is certainly correct that even fundamental rights can be waived. But the essence of waiver is a voluntary and intentional relinquishment of a known right. Notwithstanding Williams's lawyers' failure to fess up, this waiver was a mistake, not an intentional choice. Rules 38 and 39 are there to provide structure and certainty early in the case. They're not about "gotcha." Here, the jury/bench issue has been ventilated sufficiently early such that no real prejudice exists. The Court will handle whatever equitable issues need to be tried. In the absence of sufficient reasons otherwise, the best way to preserve inviolate Williams's Seventh Amendment right to a jury trial is to have one on any issue so triable. Fed. R. Civ. P. 38(a). We will.

Motion, *Doc. 18*, granted. A conforming Final Scheduling Order will issue.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

17 October 2025